JUSTICE NELSON
dissents.
¶12 I dissent from our decision.
¶13 At issue is §40-4-253(5), MCA, which provides:
In addition to any other civil or criminal remedy available under law for the commission of peijury, the court may set aside the judgment, or part of the judgment, if the court discovers, within 5 years from the date of entry of judgment, that a party has committed perjury in the final declaration of disclosure.
The sole issue on appeal is whether the trial court erred in not allowing Marcia to conduct discovery concerning Lynn’s non-disclosure of assets in the original dissolution proceeding.
¶ 14 In Kunst v. Pass, 1998 MT 71, ¶ 35, 288 Mont. 264, ¶ 35, 957 P.2d 1, ¶ 35, we set out the general rule regarding notice pleading:
[I]t is well settled that Montana’s rules of civil procedure, including Rule 8(a), M.R.Civ.P., are notice pleading statutes. Mysse v. Martens (1996), 279 Mont. 253, 266, 926 P.2d 765, 773; Butte Country Club v. Metropolitan Sanitary & Storm Sewer Dist. (1974), 164 Mont. 74, 77, 519 P.2d 408, 409. Pursuant to Rule 8(a), M.R.Civ.P., a complaint must put a defendant on notice of the facts the plaintiff intends to prove; the facts must disclose the elements necessary to make the claim; and the complaint must demand judgment for the relief the plaintiff seeks. Mysse, 279 Mont. at 266, 926 P.2d at 773; Rule 8(a), M.R.Civ.P.
¶15 Marcia’s Motion to Set Aside Judgment is in the nature of a complaint for relief and fulfills the foregoing requirements. It puts the defendants on notice of the facts the she intends to prove; these facts disclose the elements necessary to make the claim; and the motion demands the relief which Marcia seeks. Nothing more is required. ¶16 Obviously, if Marcia’s statutory remedy under §40-4-253(5), MCA, is to have any viability, however, she must be permitted to develop her claim through discovery as in any other civil action.
¶17 The trial court and now this Court have short-circuited Marcia’s statutory remedy. On the one hand, she is criticized for not presenting evidence of a prima facie case, and on the other, she is denied the ability to gather, through discovery, the evidence necessary to do so. I would give her that opportunity; I would allow Marcia to engage in discovery.
¶18 I dissent.